WATFORD, Circuit Judge,
dissenting in part:
I would affirm as to all defendants except Detective Freund. In my view, a reasonable jury could conclude that Freund knew she lacked probable cause to believe Scotti had aided and abetted a violation of Ariz.Rev.Stat. § 13-2923(A)(2) (2001) (amended 2012), yet nonetheless instituted charges as a means of retaliating against Scotti for exercising his First Amendment rights — namely, for publicly criticizing Freund on his web site.
Once we excise from Freund’s report the statements Freund falsely attributed to “Dr.” Gray, the existence of probable cause turns on statements Lewis allegedly made to Freund. The problem here is that during the course of discovery, Freund never deposed Lewis, so we don’t know whether Lewis in fact made the statements attributed to her. On the current record, a jury would have to take Freund’s word for it that Lewis actually made the statements recounted in Freund’s report. Because Scotti has already shown that Freund falsely represented the statements “Dr.” Gray supposedly made, I think a reasonable jury could harbor serious doubts about whether Freund truthfully represented the statements Lewis supposedly made as well.
If the jury concluded that Freund knowingly falsified the statements attributed to both Lewis and Gray, the remainder of the evidence cited by the majority would fall short of establishing probable cause. Freund would not be entitled to qualified immunity in that event, because maliciously prosecuting someone for exercising their *390 First Amendment rights violated clearly established law at the time Freund drafted her report. See Beck v. City of Upland, 527 F.3d 853, 861 n. 7, 871 (9th Cir.2008).
I would therefore reverse the grant of summary judgment to Freund.